IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Braintree Electric Light Department, *et al.*, | ) ) ) | |
| *Petitioners*, | ) ) | |
| v. | ) ) | No.  24-1018 |
| Federal Energy Regulatory Commission, | ) ) ) | |
| *Respondent*. | ) | |

**MOTION TO INTERVENE OF
<u>CONSTELLATION MYSTIC POWER, LLC</u>**

Under Rules 15(d) and 27 of the Federal Rules of Appellate Procedure and Circuit Rules 15(b) and 27, Constellation Mystic Power, LLC ("Mystic") hereby moves to intervene in the above-captioned matter.  Mystic expects to oppose Petitioners Braintree Electric Light Department, Concord Municipal Light Plant, Georgetown Municipal Light Department, Hingham Municipal Lighting Plant, Littleton Electric Light & Water Department, Middleborough Gas & Electric Department, Middleton Electric Light Department, Norwood Light & Broadband Department, Pascoag Utility District, Reading Municipal Light Department, Taunton Municipal Lighting Plant, Wellesley Municipal Light Plant, and Westfield Gas & Electric Department (collectively, the "Eastern New England Consumer-Owned Systems" or "ENECOS").

1

## BACKGROUND

In Case No. 24-1018, the Eastern New England Consumer-Owned Systems seek review of the following orders issued by the Federal Energy Regulatory Commission ("Commission"):

1. *Constellation Mystic Power LLC*, Order Addressing Arguments Raised on Rehearing and Setting Aside Prior Order, in Part, Granting Motion to Lodge and Denying Motion to Disclose, 185 FERC ¶ 61,016 (Oct. 6, 2023) ("Order"); and

2. *Constellation Mystic Power LLC*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 185 FERC ¶ 62,120 (Dec. 7, 2023) ("Notice").

## STATEMENT OF INTEREST

Mystic seeks to intervene in this case because it has a direct and substantial interest that cannot be adequately represented by any other party. Mystic is the owner of two electric generators: Mystic 8 and 9. They are the only natural gas-fired units in the country that take their fuel not from pipelines but exclusively from a liquefied natural gas ("LNG") import facility located adjacent to the generating units. Given their unique fuel source, Mystic 8 and 9 are relatively expensive to run. Thus, on the merchant power market, they should be retired. But they are essential to fuel security in New England in the winters of 2022-23 and 2023-24. That is, in a cold winter, Mystic's unique fuel source could prevent rolling blackouts in New England. ISO New England Inc. thus asked Mystic to

make an agreement not to retire the units until mid-2024 in exchange for full cost-of-service compensation. As part of its full cost-of-service, Mystic is compensated for fuel provided by its on-site fuel provider, Everett, all subject to certain credits that take into account other uses of the facility, such as sales of gas to third parties when the gas is not needed by Mystic. Mystic took the agreement to the Commission for its approval as setting just and reasonable rates. In addition, Mystic filed the agreement through which it pays for its fuel on an informational basis because that agreement is not subject to FERC's jurisdiction.

The Commission's orders on appeal here corrected prior misstatements that would have extended Mystic's obligations to "true up" certain costs and credits, and also rejected ENECOS' request that the Commission force Mystic to disclose commercially sensitive information about its LNG supply and practices and information concerning the schedules for deliveries of tankers of LNG which is confidential for security reasons. This appeal attempts to change the scope of Mystic's legal obligations under the Mystic Agreement, which could in turn reduce its compensation. Mystic is a party to the underlying Commission dockets and initiated those dockets when it sought Commission approval of the agreement that will provide for the cost-of-service recovery.

Thus, Mystic has a substantial and direct interest in the outcome of these proceedings that cannot be adequately represented by another party in the

3

proceeding. *See Dimond v. District of Columbia*, 792 F.2d 179, 194 (D.C. Cir. 1986) (intervention is appropriate if "representation" by other parties "'may be' inadequate"). Mystic is seeking leave to intervene in this case to ensure that it is in a position to provide its unique perspective on the issues to be heard by this Court. Because this motion is timely under the rules of this Court, granting Mystic's motion will not inconvenience any other party in this proceeding.

## CONCLUSION

Mystic respectfully requests that the Court grant its Motion to Intervene in this case with full rights attendant thereto.

Dated: February 16, 2024                    Respectfully submitted,

*/s/ Matthew A. Fitzgerald*

Matthew A. Fitzgerald
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
F: (804) 698-2251
mfitzgerald@mcguirewoods.com

Noel H. Symons
Katlyn A. Farrell
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, D.C. 20006
T: (202) 857-2929
F: (202) 828-2992

nsymons@mcguirewoods.com
kfarrell@mcguirewoods.com

*Counsel for Constellation Mystic Power, LLC*

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Braintree Electric Light Department, *et al.*, | ) ) ) | |
| *Petitioners*, | ) ) | |
| v. | ) ) | No. 24-1018 |
| Federal Energy Regulatory Commission, | ) ) ) | |
| *Respondent*. | ) | |

**CORPORATE DISCLOSURE STATEMENT**

Constellation Mystic Power, LLC ("Mystic") submits the following disclosure statement under Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit Rule 26.1.

Mystic is a limited liability company. Mystic owns and operates the Mystic Generating Station, a natural-gas fired generator operating two units, Mystic 8 and 9, located in Massachusetts. Mystic sells the output of the Mystic Generating Station into markets under the jurisdiction of the Federal Energy Regulatory Commission.

Mystic is a direct, wholly-owned subsidiary of Constellation Holdings, LLC, which is a direct, wholly-owned subsidiary of Constellation Energy Generation, LLC. Constellation Energy Generation, LLC is a direct, wholly-owned subsidiary of Constellation Energy Corporation ("Constellation").

6

Constellation is a publicly traded corporation (stock ticker "CEG"). Constellation has no parent company. Vanguard holds 10 percent or more of Constellation's stock.

Dated: February 16, 2024                    Respectfully submitted,

<span style="margin-left:auto"></span>*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

*Counsel for Constellation Mystic Power, LLC*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because:

- The motion contains 667 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B).

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because:

- The motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

*Counsel for Constellation Mystic Power, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2024, I filed the foregoing with the Clerk of the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system.  I also certify that on the same day, I sent a copy of the foregoing through U.S. Mail, postage prepaid, to the following:

Ms. Kimberly D. Bose
Secretary
Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426

Mr. Robert H. Solomon
Solicitor
Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

*Counsel for Constellation Mystic Power, LLC*