UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| BRAINTREE ELECTRIC LIGHT DEPARTMENT, CONCORD MUNICIPAL LIGHT PLANT, GEORGETOWN MUNICIPAL LIGHT DEPARTMENT, HINGHAM MUNICIPAL LIGHTING PLANT, LITTLETON ELECTRIC LIGHT & WATER DEPARTMENT, MIDDLEBOROUGH GAS & ELECTRIC DEPARTMENT, MIDDLETON ELECTRIC LIGHT DEPARTMENT, NORWOOD LIGHT & BROADBAND DEPARTMENT, PASCOAG UTILITY DISTRICT, READING MUNICIPAL LIGHT DEPARTMENT, TAUNTON MUNICIPAL LIGHTING PLANT, WELLESLEY MUNICIPAL LIGHT PLANT, AND WESTFIELD GAS & ELECTRIC LIGHT DEPARTMENT, <br><br> Petitioners, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent. | Case No. 24-1018 |

**MOTION FOR LEAVE TO AMEND PETITION FOR REVIEW**

Petitioners Braintree Electric Light Department, Concord Municipal Light Plant, Georgetown Municipal Light Department, Hingham Municipal Lighting Plant, Littleton Electric Light & Water Department, Middleborough Gas & Electric Department, Middleton Electric Light Department, Norwood Light & Broadband

Department, Pascoag Utility District, Reading Municipal Light Department, Taunton Municipal Lighting Plant, Wellesley Municipal Light Plant, and Westfield Gas & Electric Department (collectively, the "Eastern New England Consumer-Owned Systems") respectfully move the Court, pursuant to Fed. R. App. Pro. 27 and Cir. R. 27, for leave to amend their petition for review filed and docketed in this proceeding on February 2, 2024, to incorporate a request for review of Respondent Federal Energy Regulatory Commission's ("Commission") Order Addressing Arguments Raised on Rehearing, issued February 15, 2024 in *Constellation Mystic Power, LLC*, 186 FERC ¶ 61,103 (2024) (the "February 15 Order"). A copy of the Eastern New England Consumer-Owned Systems' proposed Amended Petition for Review accompanies this motion as Exhibit A hereto. The Commission's Solicitor has authorized the Eastern New England Consumer-Owned Systems to state that the Commission does not oppose this motion.

The Commission states in its February 15 Order that "we are modifying the discussion in the [October 6, 2023] Rehearing Order and continue to reach the same result in this proceeding, as discussed below" (186 FERC ¶ 61,103 at P 2), and confirms that "[t]he Commission is not changing the outcome of the [October 6, 2023] Rehearing Order" (*id.* at P 2 n. 9). In these circumstances, the Eastern New England Consumer-Owned Systems are not required to pursue any further request for rehearing of the February 15 Order, and the February 15 Order is properly

brought before the Court for review under Section 313(b) of the Federal Power Act (16 U.S.C. §§ 791a through 828c (the "FPA"), § 825*l*(b)) by way of an amended petition for review. *Evergy Kan. Cent., Inc. v. FERC*, 77 F.4th 1050, 1054-1055 (D.C. Cir. 2023) (granting motion to amend petition for review where "FERC's second order in this case merely *modified* its initial order"). This procedure has become relatively routine in the wake of this Court's decision in *Allegheny Def. Proj. v. FERC*, 964 F.3d 1, 15-17 (D.C. Cir. 2022) (*en banc*) rejecting the Commission's former practice of "tolling" the thirty-day time limit for ruling on requests for rehearing. Amending a pending petition for review to incorporate a post-petition order addressing arguments raised on rehearing that does not substantively modify the Commission's original order is also fully consistent with settled appellate practice prior to *Allegheny Defense Project. See Western Area Pwr. Admin. v. FERC*, 525 F.3d 40, 52-53 (D.C. Cir. 2008) ("When a petition for rehearing is not necessary - *i.e.*, when a rehearing has been denied in its entirety with no substantive modification in the order - the case is ripe for judicial review and the clock on the jurisdictional time-bar starts ticking").

For the foregoing reasons, the Eastern New England Consumer-Owned Systems respectfully request that their motion be granted, and that they be granted leave to file their accompanying proposed amended petition for review in order to incorporate the Commission's February 15 Order under that petition for review.

## Certificate of Compliance

The undersigned hereby certifies that the foregoing Motion for Leave to Amend Petition for Review complies with (a) the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A), containing a total of 522 words measured by Microsoft Word 2019's word count feature, and (b) the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2019 with Times New Roman 14-point type.

        Respectfully submitted,

        */s/ John P. Coyle*

        _____
        John P. Coyle (Cir. Bar No. 32182)
        Duncan & Allen LLP
        Suite 700
        1730 Rhode Island Avenue NW
        Washington, D.C.  20036-3115
        Telephone:  (202) 289-8400
        Email: jpc@duncanallen.com

        Counsel for the Eastern New England Consumer-Owned Systems

Dated at Washington, D.C.
This 29th day of February 2024.