UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| BRAINTREE ELECTRIC LIGHT DEPARTMENT, CONCORD MUNICIPAL LIGHT PLANT, GEORGETOWN MUNICIPAL LIGHT DEPARTMENT, HINGHAM MUNICIPAL LIGHTING PLANT, LITTLETON ELECTRIC LIGHT & WATER DEPARTMENT, MIDDLEBOROUGH GAS & ELECTRIC DEPARTMENT, MIDDLETON ELECTRIC LIGHT DEPARTMENT, NORWOOD LIGHT & BROADBAND DEPARTMENT, PASCOAG UTILITY DISTRICT, READING MUNICIPAL LIGHT DEPARTMENT, TAUNTON MUNICIPAL LIGHTING PLANT, WELLESLEY MUNICIPAL LIGHT PLANT, AND WESTFIELD GAS & ELECTRIC LIGHT DEPARTMENT,<br><br>                Petitioners,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>                Respondent. | Case No. 24-1018 |

**JOINT AMENDED PETITION FOR REVIEW**

Pursuant to Section 313(b) of the Federal Power Act (16 U.S.C. § 825*l*(b)) and Rule 15(a) of the Federal Rules of Appellate Procedure, Braintree Electric Light Department ("Braintree"), Concord Municipal Light Plant ("Concord"), Georgetown Municipal Light Department ("Georgetown"), Hingham Municipal

Lighting Plant ("Hingham"), Littleton Electric Light & Water Department ("Littleton"), Middleborough Gas & Electric Department ("Middleborough"), Middleton Electric Light Department ("Middleton"), Norwood Light & Broadband Department ("Norwood"), Pascoag Utility District ("Pascoag"), Reading Municipal Light Department ("Reading"), Taunton Municipal Lighting Plant ("Taunton"), Wellesley Municipal Light Plant ("Wellesley"), and Westfield Gas & Electric Light Department ("Westfield") (collectively, the "Eastern New England Consumer-Owned Systems") jointly petition this Court for review of the following Order and Notice of the Federal Energy Regulatory Commission ("Commission"):

1. Docket Nos. ER18-1639-000 and ER18-1639-024 – *Constellation Mystic Power LLC*, Order Addressing Arguments Raised on Rehearing and Setting Aside Prior Order, in Part, Granting Motion to Lodge and Denying Motion to Disclose, 185 FERC ¶ 61,016 (October 6, 2023) ("October 6 Order") (Exhibit A hereto);

2. Docket No. ER18-1639-026 – *Constellation Mystic Power LLC*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 185 FERC ¶ 62,120 (December 7, 2023) ("December 7 Notice") (Exhibit B hereto); and

3. Docket No. ER18-1639-026 – *Constellation Mystic Power LLC*, Order Addressing Arguments Raised on Rehearing, 186 FERC ¶ 61,103 (February 15, 2024) ("February 15 Rehearing Order") (Exhibit C hereto).

Braintree, Concord, Georgetown, Hingham, Littleton, Middleborough, Middleton, Norwood, Reading, Taunton, Wellesley, and Westfield are each municipal lighting plants organized and existing under Massachusetts General Laws

ch. 164, §§ 34-69.  They are each engaged in providing retail electric service within their respective communities and, in some cases, adjacent communities.  Pascoag is a quasi-municipal district organized and existing under Rhode Island Gen. Laws ch. 45-58, engaged in providing *inter alia* retail electric service in the Village of Pascoag and surrounding areas within the Town of Burrillville, Rhode Island.  The Eastern New England Consumer-Owned Systems are each load-serving market participants and Regional Network Service transmission customers under the ISO New England, Inc. ("ISO New England") Tariff.  As a result, they each have a Real-Time Load Obligation as that term is defined in the ISO New England Tariff and are subject to charges under the Cost of Service Agreement between Constellation Mystic Power, LLC ("Mystic") and ISO New England.  *ISO New England, Inc.*, 165 FERC ¶ 61,202 at P 53 (2018) ("We accept the ISO-NE proposal to allocate the out-of-market costs of resources retained for fuel security to Real-Time Load Obligation"); *Belmont Mun. Lt. Dept. v. FERC*, 38 F.4th 173, 185 (D.C. Cir. 2022) ("NECOS has established an imminent injury-in-fact because it represents eighteen electrical utilities that will be expected to pay ISO-NE's designated rates under IEP. . . .").

Each of the foregoing Petitioners has been an active intervenor throughout the proceedings before the Commission, including the sub-docket resulting in the issuance of the Orders and Notice.  *Constellation Mystic Power, LLC v. FERC*, 45 F.4th 1028, 1055-1056 (D.C. Cir. 2022); *Constellation Mystic Power, LLC*, 182

FERC ¶ 61,202 at P 13, *order on reh'g*, 185 FERC ¶ 61,016 (2023). The Petitioners timely and jointly requested rehearing of the Commission's October 6 Order. The October 6 Order represents the Commission's fourth about-face concerning the scope of customer review of specific inputs to the formula rate setting the Annual Fixed Revenue Requirement for the Mystic 8 and 9 Units during the annual true-up process established under that Agreement. *Constellation Mystic Power, LLC v. FERC*, 45 F.4th 1028, 1055-1056 (D.C. Cir. 2022) (discussing pre-review Commission rulings on challenges to revenue credit calculations and tank congestion charges); *Constellation Mystic Power, LLC*, 182 FERC ¶ 61,202 at PP 56-57, 61-62 (holding that calculation of revenue credits and tank management charges subject to challenge in true-up process), *order on reh'g*, 185 FERC ¶ 61,016 at PP 38-46, 60-64, and 87-100 (2023) (reversing prior rulings on scope of true-up process and denying motion for additional disclosure of information concerning tank management charges).

The Commission's decision to prevent customers from verifying the justness and reasonableness of the charges imposed on them through the Cost of Service Agreement is not supported by substantial evidence or reasoned decision making, as required by the Federal Power Act (16 U.S.C. §§ 791a through 828c) and the Administrative Procedure Act (5 U.S.C. §§ 701-706), and is otherwise contrary to law. The October 6 Order also impermissibly delegates to ISO New England the

Commission's statutory authority to determine the justness and reasonableness of rates charged to customers of ISO New England, Inc. under the Mystic Cost of Service Agreement.  *United States Telecom Ass'n v. FCC*, 359 F.3d 554, 565 (D.C. Cir. 2004); *Nat'l Ass'n of Regulatory Util. Comm'rs v. FCC*, 737 F.2d 1095, 1143 (D.C. Cir. 1984).

Each of the foregoing Petitioners are customers to whose Real-Time Load obligation the costs generated through the Cost of Service Agreement are billed.  The Petitioners will incur unjust and unreasonable costs due to the Commission's October 6 Order, the December 7 Notice, and the February 15 Rehearing Order for which this Petition seeks this Court's review, and are therefore aggrieved by those Orders and the Notice.  The Commission's December 7 Notice acknowledges that given "the absence of Commission action on a request for rehearing within 30 days from the date it is filed, the request for rehearing may be deemed to have been denied."

## **Relief Requested**

For the foregoing reasons, the Court should grant this amended petition for review, vacate the October 6 Order, the December 7 Notice, and the February 15 Rehearing Order, and remand this proceeding to the Commission with instructions to (1) restore customer investigation of, and challenges to, Mystic's claims and calculations as to rate credits for revenues from third-party sales of liquefied natural

gas and "tank congestion charges" under the Mystic Cost of Service Agreement, and (2) reconsider and grant the Public Systems' motion for additional disclosure of data concerning tank congestion charges.

    Respectfully submitted,

    */s/ John P. Coyle*
    _____
    John P. Coyle (Cir. Bar No. 32182)
    Natalie M. Karas (Cir. Bar No. 53439)
    Duncan & Allen LLP
    Suite 700
    1730 Rhode Island Avenue, N.W.
    Washington, D.C. 20036-3115
    Telephone: (202) 289-8400
    Email: jpc@duncanallen.com

Dated at Washington, D.C.
this 29th day of February 2024.

*Counsel for the New England Consumer-Owned Systems*